# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF MICHIGAN (GRAND RAPIDS)

| | |
|---|---|
| In Re: | Case No.: 19-00613-jwb |
| | Chapter 7 |
| FULL SPECTRUM MANAGEMENT, LLC, | Hon. James W. Boyd |
| Debtor. / | |
| INDEPENDENT BANK, derivatively for and on behalf of KELLY M. HAGAN, Chapter 7 Trustee for the estate of Full Spectrum Management, LLC, | Adv. Pro. No.: 20-80059-jwb |
| | Hon. James W. Boyd |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR ORDER COMPELLING COMPLIANCE WITH NON-PARTY SUBPOENA AND FOR DISCOVERY SANCTIONS** |
| MARK D. NOSS, an individual, MARK D. NOSS, O.D., L.L.C., a Michigan limited liability company, d/b/a FULL SPECTRUM EYECARE, MDN DEVELOPMENT, LLC, a Michigan limited liability company, SMART SCHOOLS MANAGEMENT, INC., a former Michigan corporation, SMART SCHOOLS MANAGEMENT OF BAY CITY, LLC, a former Michigan limited liability company, SMART SCHOOLS, INC., a former Michigan corporation and STEVEN INGERSOLL, an individual, jointly and severally, | |
| Defendants. | |

Plaintiff, Independent Bank, derivatively for and on behalf of Kelly M. Hagan, Chapter 7 Trustee for the bankruptcy estate of Full Spectrum Management, LLC, by its attorneys, Clark Hill PLC, hereby moves for entry of an Order pursuant to Fed. R. Civ. P. 45(d)(2)(B), as applicable to this case pursuant to Fed. R. Bankr. R. 7045, that compels compliance with a non-party subpoena issued by Plaintiff to Padgett Business Services, an accounting firm. Plaintiff also seeks discovery sanctions against Defendants' counsel, Jay Zelenock, for his intentional interference with the orderly discovery process and the non-party subpoenas lawfully issued in this case.

In support of this motion, Plaintiff relies on the accompanying brief in support filed herein, and further states as follows:

1.  Pursuant to the First Pretrial Order dated December 2, 2020 (AP Dkt. No. 32, p. 5), discovery remains open.

2.  On May 10, 2021, Plaintiff's counsel issued non-party subpoenas to four (4) accounting firms seeking the production of documents relating to Debtor Full Spectrum Management, LLC and Defendants Mark D. Noss, Mark D. Noss O.D., LLC d/b/a Full Spectrum Eyecare, and MDN Development, LLC (collectively, the "Accounting Firm Subpoenas").

3.  One of the Accounting Firm Subpoenas was issued to Padgett Business Services, Traverse City, Michigan, which was served on May 12, 2021 by personal service (the "Padgett Subpoena"). A copy of the Padgett Subpoena, along with proof of service, is attached hereto as **Exhibit A**.

4.  The Padgett Subpoena sought the production of documents highly relevant to the claims in this adversary proceeding, including accounting records, tax returns and schedules, bank records, and other financial and corporate records of Debtor Full Spectrum Management, LLC and Defendants Mark D. Noss, Mark D. Noss O.D., LLC d/b/a Full Spectrum Eyecare, and MDN Development, LLC.

5.  Pursuant to Fed. R. Civ. P. Rule 45, a copy of each of the Accounting Firm Subpoenas was provided to each counsel of record and to Defendant Ingersoll, and a formal Notice was filed with the Court (AP Dkt. No. 76).

6.  On May 14, 2021, Defendants' counsel, Jay Zelenock, authored a letter to each recipient of the Accounting Firm Subpoenas, including Padgett, instructing each accounting firm not to comply with the subpoena or produce any documentation whatsoever, purportedly relying

on Michigan's statutory accountant-client privilege, MCL § 339.732. Mr. Zelenock's correspondence to Padgett and to each recipient of the Accounting Firm Subpoenas are collectively attached as **Exhibit B**.

7. Plaintiff's counsel subsequently wrote each accounting firm to respond to and challenge Mr. Zelenock's improper instructions and overly-broad interpretation of the applicable privilege. The correspondence to Padgett, which is attached hereto as **Exhibit C**, explained that the scope of Michigan's statutory accountant-client privilege is limited and, contrary to Mr. Zelenock's instructions, does not entitle the accounting firm to refuse to comply with the subpoena or otherwise refuse to produce any and all of the requested documents.

8. Padgett's counsel, Thomas A. Pezzetti Jr., subsequently responded with an Objection dated May 28, 2021, which was after the objection deadline of May 26, 2021 as established by Fed. R. Civ. P. 45(d)(2)(B). Mr. Pezzetti indicated that Padgett objected to the Padgett Subpoena, relying solely on Mr. Zelenock's instructions and legal opinion. A copy of Mr. Pezzetti's May 28 Objection is attached hereto as **Exhibit D**.

9. Padgett initially refused to produce any documentation, including but not limited to tax filings, financial documents, banking records, and related accountant file materials for Debtor Full Spectrum Management, Inc. who Plaintiff's counsel, not Mr. Zelenock, derivatively represents in this action. Padgett also refused to produce any documentation with respect to the other Defendants who are represented by Mr. Zelenock.

10. Subsequently, on June 4, 2021, pursuant to the Court's First Pretrial Order (AP Dkt. No. 32, p. 5) and the practices and procedures of this Court, in a final effort to seek concurrence and have Mr. Pezzetti on behalf of Padgett reconsider his untimely and improper objection, Plaintiff's counsel wrote Padgett's counsel, Mr. Pezzetti, and Mr. Zelenock in advance of motion

ClarkHill\34920\333482\263140276.v1-6/15/21

practice in an effort to have Padgett reconsider its untenable position and to have Mr. Zelenock retract his improper instructions to each of the accounting firms. Additional email exchanges followed, which make clear that Mr. Zelenock's improper instructions and overly-broad interpretation of the statutory privilege is at the core of Mr. Pezzetti's Objection and refusal to produce records in response to the Padgett Subpoena. See, **Exhibit E.**

11. Padgett has agreed to produce documents relating to Debtor Full Spectrum Management, LLC, but continues to refuse to produce any documents regarding the other Defendants.

12. Concurrence in the requested relief has not been obtained from either Mr. Pezzetti or Mr. Zelenock.

WHEREFORE, Plaintiff, Independent Bank, derivatively for and on behalf of Kelly M. Hagan, Chapter 7 Trustee for the bankruptcy Estate of Full Spectrum Management, LLC, respectfully requests that the Court grant this motion and issue an Order granting the following relief:

A. Order that Padgett Business Services fully comply with the Subpoena issued to it with respect to Debtor Full Spectrum Management, Inc., which documents should be produced without redaction or limitation;

B. Order that Padgett Business Services fully comply with the Subpoena issued to it with respect to Defendants, Mark D. Noss, Mark D. Noss O.D., LLC d/b/a Full Spectrum Eyecare, and MDN Development, LLC, subject to Padgett's obligation to redact from any document only confidential communications from the client to the accounting firm, and further order that all other objections have been waived;

C. Order that Defendants' counsel, Jay Zelenock, show cause why he should not be held in contempt of Court for his intentional interference with the Accounting Firm Subpoenas, including but not limited to the Padgett Subpoena, and the orderly discovery process in this case.

D. Order discovery sanctions pursuant to Fed. R Civ. P. Rule 37(a)(5) and/or Fed. R. Civ. P. Rule 45(d)(1) and/or 45(g), and other applicable rules and law as the Court deems equitable and just.

Respectfully submitted,

**CLARK HILL PLC**
Attorneys for Plaintiff/Counter-Defendant

Dated:  June 15, 2021                By:  /s/ Sandra S. Hamilton
                    Sandra S. Hamilton (P41980)
                    David W. Centner (P43071)
                Business Address & Telephone:
                    200 Ottawa Ave NW, Ste. 500
                    Grand Rapids, MI  49503
                    (616) 608-1100
                    Email: bankruptcyfiling@clarkhill.com