UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

FULL SPECTRUM MANAGEMENT, LLC,

    Debtor.

Case No. 19-00613- jwb
Chapter 7
Hon. James W. Boyd

_____/

INDEPENDENT BANK, derivatively for and on behalf of
KELLY M. HAGAN, CHAPTER & TRUSTEE for the
Bankruptcy Estate of Full Spectrum Management, LLC,

    Plaintiff,

Adversary Proceeding
No. 20-80059-jwb

-vs-

MARK D. NOSS,
MARK D. NOSS, O.D., LLC,
SMART SCHOOLS MANAGEMENT, INC.,
MDN DEVELOPMENT, LLC,
SMART SCHOOLS MANAGEMENT OF BAY CITY, LLC,
STEVEN INGERSOLL, and
SMART SCHOOLS, INC.,

    Defendants.

_____/

**INTERESTED- PARTY PADGETT BUSINESS SERVICES' MOTION FOR COSTS, FEES AND EXPENSES PURSUANT TO FEDERAL RULE OF BANKRUPTCY 7037**

NOW COMES Interested-Party Padgett Business Services ("PBS"), and for its Motion for Cost, Fees and Expenses Pursuant to Federal Rule of Bankruptcy 7037, states as follows:

1. PBS files the instant Motion seeking assessment of costs, fees and expenses against both Plaintiff and Defendant Noss pursuant to Fed. R. Bankr. P. 7037 and, by extension, Fed. R. Civ. P. 37.

1

2. Fed. R. Bankr. P. 7037 states that Fed. R. Civ. P. 37 applies to adversary proceedings, such as this one.

3. In relevant part, Fed. R. Civ. P. 37(a)(ii) states as follows:

   (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

4. In this case, PBS has been repeatedly forced to incur attorney fees and costs despite its immediate and full cooperation with the rules of discovery and this Court's Orders.

5. Specifically, a Stipulated Order was entered following the July hearing in this matter. Pursuant to that Order, PBS provided Defendant Noss with a thumb drive containing all records in its possession responsive to Plaintiff's subpoena.

6. Upon information and belief, Defendant Noss subsequently did not produce that thumb drive and/or its contents to Plaintiff.

7. Despite this compliance by PBS, Plaintiff filed a Renewed Motion, incorrectly characterizing the initial reply from PBS' counsel to Plaintiffs' subpoena as, "indicat[ed] that Padgett objected to the Padgett subpoena, relying solely on Mr. Zelenock's instructions and legal opinion." (See Renewed Mtn, ¶ 8).

   a. In fact, PBS' Counsel conducted an independent review of the law, in line with the facts and circumstances, and determined that the accountant-client privilege, MCL 339.732, prevented disclosure.

   b. Moreover, as recounted in detail in the PBS' reply, PBS' Counsel explicitly and carefully considered the argument presented by Plaintiff to it regarding disclosure of the requested documents. Specifically, it explained that the term, "confidential information," which are protected under the MCL 339.732, had not been defined

2

       by the courts and, following the common definition, the overwhelming majority of documents requested were protected because they, nearly completely, contain facts not in the public domain.

8. Plaintiff further asserted false facts in alleging that, "Padgett initially refused to produce any documentation…" (See Renewed Mtn, ¶ 9).

   a. In fact, and again as set out in PBS' reply letter, PBS presented Plaintiff with the option of accepting fully redacted documents or, presuming that would be unacceptable, to simply take the issue to court for judicial direction.

   b. Moreover, also in PBS' reply letter, the point was made that those documents in PBS' possession which might not contain "confidential information" were documents such as corporate filings that were readily available in the public record.

9. Next, Plaintiff wrongly characterized emails between the parties' counsel as, "mak[ing] clear that Mr. Zelenock's improper instructions and overly-broad interpretation of the statutory privilege is at the core of Mr. Pezzetti's Objection and Padgett's refusal to produce any documents regarding the Noss Defendants due to Mr. Zelenock's instruction." (See Renewed Mtn, ¶ 10).

   a. As PBS' counsel made clear in those emails, PBS was not taking a "side" in the dispute between the parties, either generally or with reference to the subpoenas, but was respecting equally the rights of both parties relative to the claims of privilege. At that point, Mr. Zelenock had asserted accountant-privilege on behalf of his clients, and stated his reasons in support of that position. Plaintiff's counsel, in turn, had likewise set out its argument supporting production by PBS. Ultimately, PBS'

counsel determined that there because there was no unequivocally correct path forward, it would allow the Court to make a determination on how to proceed.

10. Finally, where both sides are aware that PBS has already provided <u>all of the documents in its possession</u> to Noss Defendants' legal counsel, the fact that Plaintiff's requested relief in this Motion again sought for this Court to, "Order that [PBS]… fully comply with the Subpoena issued to it…" was inaccurate and unnecessary.

11. Plaintiff seemed intent upon making PBS pay, literally, for having the temerity to err on the side of caution and allow the Court to decide a contested issue.

12. Again, without taking a side, PBS expresses objection and outrage relative to the mistruths set forward in Plaintiff's Motion. PBS and its counsel have acted entirely in good-faith and without favoritism as a non-party thrust into this dispute.

13. Plaintiff should not be permitted to malign PBS' conduct, inaccurately casting it as a pawn of the debtor, simply to advance its agenda.

14. Moreover, in turning over the thumb drive to Noss Defendants, PBS <u>complied</u> with the subpoena, and <u>has no further obligations or role</u> in this matter.

15. Finally, the continued inability of the parties to this matter to follow the Court's directives and, more generally, act in a civil manner toward one another, should not inure to the detriment of an innocent third party; therefore, with respect to the parties' conduct, thus far, PBS requests that this Court issue costs and fees against them in the following manner:

    a. Order Defendants to reimburse PBS for costs and fees incurred since entry of the Stipulated Order following the July hearing; and,

    b. Order Plaintiffs to reimburse PBS for costs and fees incurred as a result of having to address its Renewed Motion.

WHEREFORE, Interested Party Padgett Business Services respectfully requests that, pursuant to Fed. R. Bankr. P. 7037 and, by extension, Fed. R. Civ. P. 37, the Court ASSESS COSTS, FEES AND EXPENSES against the parties as follows:

a. Order **Defendants** to reimburse PBS in the amount of $1,4158.50 for costs and fees incurred since entry of the Stipulated Order following the July hearing; and,

b. Order **Plaintiffs** to reimburse PBS in the amount of $2,244.50 for costs and fees incurred as a result of having to address this Renewed Motion.

The amount of said costs and fees is set out in the breakdown attached hereto as **Exhibit A.**

Respectfully submitted,

**PEZZETTI, VERMETTEN & POPOVITS, P.C.**

Date:  January 4, 2022

　　/s/ Matthew D. Vermetten_____
Mathew D. Vermetten (P43425)
Attorney for Attorney for Interested-Party Padgett Business Services
600 E. Front Street, Suite 102
Traverse City, MI 49686
231.929.3450