UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

———————————————

In re:

FULL SPECTRUM MANAGEMENT, LLC,

       Debtor.

Case No.  19-00613- jwb
Chapter 7
Hon. James W. Boyd

——————————————————————————————/

INDEPENDENT BANK, derivatively for and on behalf of
KELLY M. HAGAN, CHAPTER & TRUSTEE for the
Bankruptcy Estate of Full Spectrum Management, LLC,

       Plaintiff,

Adversary Proceeding
No. 20-80059-jwb

-vs-

MARK D. NOSS,
MARK D. NOSS, O.D., LLC,
SMART SCHOOLS MANAGEMENT, INC.,
MDN DEVELOPMENT, LLC,
SMART SCHOOLS MANAGEMENT OF BAY CITY, LLC,
STEVEN INGERSOLL, and
SMART SCHOOLS, INC.,

       Defendants.

——————————————————————————————/

**INTERESTED- PARTY PADGETT BUSINESS SERVICES' SUPPLEMENTAL BRIEF
IN SUPPORT OF ITS MOTION FOR COSTS, FEES AND EXPENSES**

NOW COMES Interested-Party Padgett Business Services ("PBS"), and for its
Supplemental Brief in Support of its Motion for Cost, Fees and Expenses, states as follows:

<u>**Introduction**</u>

With the Court's leave, PBS submits the instant supplemental brief relative to law and
argument supporting its Motion, seeking reimbursement from Plaintiff of costs, fees, and expenses

1

wrongfully incurred in having to respond to Plaintiff's Renewed Motion for Order Compelling Non-Party Subpoena. Specifically, the purpose of this brief is to set out the basis in federal bankruptcy and civil procedure rules by which this Court may, should it see fit, assess those costs, fees and expenses. As set out in detail below, there is a clear path for the Court to provide that relief, affirmed by case law precedent, and said relief is clearly appropriate given the facts and circumstances of this case.

## Applicable Rules

Rule 45 of the Federal Rules of Civil Procedure establishes the right and method for issuance of subpoenas in a federal action. It reads, in relevant part, as follows:

(d) Protecting a Person Subject to a Subpoena; Enforcement.

> (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

> (2) Command to Produce Materials or Permit Inspection.

>> (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

>> (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

2

      i.   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

     ii.   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

Fed. R. Civ. P. 45

Further, Rule 9016 of the Federal Rules of Bankruptcy Procedure allows for application of Rule 45 F.R.Civ.P. to its proceedings.

## <u>Law & Argument</u>

**I.**    **Plaintiff's inclusion of and false accusations against third-party Padgett in its Renewed Motion, where Padgett had already complied with its duties pursuant to both the subpoena it received from Plaintiff and Defendant's subsequent invocation of the accountant-client privilege, caused unreasonable and undue expense to Padgett. As such, this Court should impose sanctions and/or cost-shifting against Plaintiff in the amount of costs, fees, and expenses wrongfully incurred.**

As is its right under federal rules, Plaintiff issued a subpoena to third-party Padgett, seeking a wide array of documents related to the instant adversary proceeding between the parties. That right to issue subpoenas, however, does not exist in a vacuum; it exists alongside other rights and obligations under the law – among them the right of a client, such as Defendant, to invoke disclosure by its accountant, such as Padgett, of confidential information to a third party, such as Plaintiff.

3

Specifically, where the accounting services in question occurred in the State of Michigan, the state in which Padgett holds its licensure, the tenets of MCL 339.732 are in full force and effect. That statute, in relevant part, reads as follows:

> (1) Except by written permission of the client or the heir, successor, or personal representative of the client to whom the information pertains, a licensee, or a person employed by a licensee, shall not disclose or divulge and shall not be required to disclose or divulge information relative to and in connection with an examination or audit of, or report on, books, records, or accounts that the licensee or a person employed by the licensee was employed to make. Except as otherwise provided in this section, the information derived from or as the result of professional service rendered by a certified public accountant is confidential and privileged.

Mich. Comp. Laws Ann. § 339.732 (West)

Looking at the foregoing, where Defendant was unquestionably Padgett's client, it was patently prohibited under law from directly providing the subpoenaed documents to Plaintiff following Defendant's invocation of the accountant-client privilege. Moreover, pursuant to a Stipulated Order following a July hearing in this matter, Padgett provided Defendants with a thumb drive containing all records in its possession responsive to Plaintiff's subpoena. At that point, any involvement by Padgett in this case, and expense related thereto, should have ended.

Yet, where Defendants apparently did not provide the subpoenaed material to Plaintiff, Plaintiff still included Padgett as a party to its Renewed Motion, and asked that this Court, "Order that Padgett… fully comply with the subpoena issued to it…" Where Plaintiff was fully aware that, via the Stipulated Order, Padgett had already complied with the subpoena, its allegation that Padgett was in defiance of the subpoena was false, misleading to the Court, and entirely unnecessary. Adding insult to injury, Plaintiff's Renewed Motion asserted a number of additional falsehoods related to Padgett's compliance with the subpoena, maligning Padgett's conduct to the Court. Specifically, the Renewed Motion:

4

- Incorrectly characterized the initial reply from PBS' counsel to Plaintiffs' subpoena as, "indicating that Padgett objected to the Padgett subpoena, relying solely on Mr. Zelenock's instructions and legal opinion." (See Renewed Mtn, ¶ 8).

    o In fact, Padgett's Counsel conducted an independent review of the law, in line with the facts and circumstances, and determined that the accountant-client privilege, MCL 339.732, prevented disclosure.

    o Moreover, as recounted in detail in the Padgett's reply, Padgett's Counsel explicitly and carefully considered the argument presented by Plaintiff to it regarding disclosure of the requested documents. Specifically, it explained that the term, "confidential information," which are protected under the MCL 339.732, had not been defined by the courts and, following the common definition, the overwhelming majority of documents requested were protected because they, nearly completely, contain facts not in the public domain.

- Plaintiff further asserted false facts in alleging that, "Padgett initially refused to produce any documentation…" (See Renewed Mtn, ¶ 9).

    o In fact, and again as set out in Padgett's reply letter, Padgett presented Plaintiff with the option of accepting fully redacted documents or, presuming that would be unacceptable, to simply take the issue to court for judicial direction.

    o Moreover, also in Padgett's reply letter, the point was made that those documents in Padgett's possession which might not contain "confidential information" were documents such as corporate filings that were readily available in the public record.

- Next, Plaintiff wrongly characterized emails between the parties' counsel as, "mak[ing] clear that Mr. Zelenock's improper instructions and overly-broad interpretation of the

statutory privilege is at the core of Mr. Pezzetti's Objection and Padgett's refusal to produce any documents regarding the Noss Defendants due to Mr. Zelenock's instruction." (See Renewed Mtn, ¶ 10).

o   As Padgett's Counsel made clear in those emails, Padgett was not taking a "side" in the dispute between the parties, either generally or with reference to the subpoenas, but was respecting equally the rights of both parties relative to the claims of privilege. At that point, Mr. Zelenock had asserted accountant-privilege on behalf of his clients, and stated his reasons in support of that position. Plaintiff's counsel, in turn, had likewise set out its argument supporting production by Padgett. Ultimately, Padgett's Counsel determined that there because there was no unequivocally correct path forward, it would allow the Court to make a determination on how to proceed.

Based upon the foregoing, Padgett asserts that assessment of sanctions pursuant to FRCP 45(d)(1) is both permissible and appropriate.

## Case Law Precedent

The matter of *In re: Mod. Plastics Corp.*, 890 F.3d 244 (6th Cir. 2018)[1] (attached hereto as Exhibit A) provides valuable guidance for this Court in terms of circumstances where sanctions are upheld on appeal, and the legal principles underpinning that action. There, as in this case, a creditor in an adversary proceeding served subpoenas duces tecum on a non-party recipient, seeking numerous categories of documents spanning a long period of time.[2] *Id.* After some back

---

[1] Plaintiff also cites from the Slip Copy of the same case, *In re Mod. Plastics Corp.*, No. 09-00651, 2015 WL 13866302, (Bankr. W.D. Mich. July 23, 2015), aff'd, 577 B.R. 690 (W.D. Mich. 2017), aff'd sub nom. In re: Mod. Plastics Corp., 890 F.3d 244 (6th Cir. 2018) (attached hereto as Exhibit B)

[2] In this case, Plaintiff's subpoena to Padgett demands documents from 21 separate categories, spanning 5.5 years.

and forth between the parties, in which the creditor was non-responsive to the third-party's request to narrow the expansive nature of the document request. *Id.* at 248-49. Determined not to provide any of the requested documentation without a protective order, as well as reimbursement for the more than $150,000 in costs that had been incurred in responding to the subpoenas, the third-party filed a motion to that effect, which was subsequently granted by the bankruptcy judge. *Id.* at 249. Specifically, the bankruptcy judge determined that the cost-shifting mechanism of Rule 45(d)(2)(B) was appropriate where the creditor had failed to mitigate the burden of discovery upon a non-party." *Id.* at 250.

On appeal, the reviewing court analyzed the, "two related avenues by which a person subject to a subpoena may be protected from the costs of compliance: sanctions under Rule 45(d)(1) and cost-shifting under Rule 45(d)(2)(B)(ii)." *Id.* As to the sanctions avenue, it provided the following guidance:

- **"Undue burden is to be assessed in a case-specific manner considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'** *Am. Elec. Power Co., Inc. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 53 (S.D.N.Y. 1996) ). **Courts must 'balance the need for discovery against the burden imposed on the person ordered to produce documents,' and the status of that person as a non-party is a factor.** *Id.*" *Id.* at 251 (emphases added).

- There is no bad faith requirement for a court to issue sanctions under Rule 45(d)(1). *Id.*

Applying the foregoing principles, the reviewing court held that the bankruptcy court did not abuse its discretion in finding that sanctions were warranted under Rule 45(d)(1) where, "…much of the expense could have been avoided either initially, or by engaging with Respondents' counsel to

address the concerns, tailor the document requested, or comment on the proposed protective order." *Id.* at 251-52.

Turning to the cost-shifting avenue of Rule 45(d)(2)(B), the reviewing court found that, "…if an objection is made and the court orders the non-party to comply, the court must protect a non-party from significant expenses resulting from compliance." *Id.* at 252. Further, of Rule 45(d) the reviewing court established, "…nothing requires that the costs of such efforts be established before expenses can be incurred." *Id.* at 253. On those terms, the reviewing court affirmed the bankruptcy court's order for reimbursement of reasonable costs and fees incurred by the non-party.

Looking at the slip copy for the same case, the presiding bankruptcy judge states, "[t]he court lays the blame for this dispute squarely on the shoulder's of Plaintiff's counsel who flouted the duty he owed to the Recipients to avoid saddling them with undue burdens and expense, **then stubbornly exacerbated the problem by multiplying proceedings**." *In re Mod. Plastics Corp.*, No. 09-00651, 2015 WL 13866302, at *1 (Bankr. W.D. Mich. July 23, 2015), aff'd, 577 B.R. 690 (W.D. Mich. 2017), aff'd sub nom. In re: Mod. Plastics Corp., 890 F.3d 244 (6th Cir. 2018) (emphasis added). Looking at law regarding Rule 45(d) subpoena-related discovery disputes, the bankruptcy judge set out the following tenets:

- "**Central to any inquiry under either set of rules is the goal of avoiding 'undue burdens' associated with discovery, with a particular solicitude for strangers to the litigation such as the Recipients in this matter. In deciding whether a subpoena imposes an 'undue burden' upon a non-party, the courts undertake 'a case specific inquiry,' considering 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'** *American Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (citations omitted). **The court must consider, and weigh, the need of New Products for the discovery it seeks, against the burdens imposed on the Recipients. In this analysis, 'the status of a person as a non-party is a factor that weighs against disclosure.'** Id." *Id.* at *6 (footnote omitted) (emphases added).

8

- **"As the drafters of Rule 45 noted, the rule does not preclude a non-party from seeking costs after substantially complying with a subpoena.** 'In some instances, it may be preferable to leave uncertain costs to be determined after the materials have been produced, provided that the risk of uncertainty is fully disclosed to the discovering party.' Fed. R. Civ. P. 45 (1991 Committee Notes) (citing United States v. Columbia Broadcasting Systems, Inc., 666 F.2d 364 (9th Cir. 1982))." *Id.* at *8 (emphasis added).

### Application of Precedent to the Instant Case

Looking at the legal principles set out in *In Re Modern Plastics*, as set out above, through the lens of the instant case, it is clear that this Court is well-grounded in ordering that Plaintiff reimburse Padgett for costs and fees incurred under either Rule 45(d)(1) or 45(d)(2)(B). Here, Padgett objected to the subpoena pursuant to Rule 45(d)(2)(B) in a letter to Plaintiff's Counsel based upon Defendants' invocation of the accountant-client privilege under Michigan law. (See Exhibit C). However, following a hearing before this Court, pursuant to its Order, Padgett provided to Defendants a thumb drive containing a complete copy of all documents in its possession responsive to the subpoena. At that point, Padgett has completed its duties under the subpoena and, as far as it knew, left the parties to dispute the confidentiality of the documents without its further involvement. However, as set out above, Plaintiff refused to allow Padgett to move on, needlessly dragging it back into the fray via its Renewed Motion and, even worse, alleging provable falsehoods to the Court relative to Padgett's stances and actions.

As such, this Court should assess sanctions against Plaintiff pursuant to Rule 45(d)(1) for failure to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. Plaintiff has repeatedly imposed such burdens and expenses upon Padgett where it could easily have been avoided either through negotiation or, in the case of its Renewed Motion, truthful and accurate statements. Further, under Rule 45(d)(2)(B), again based upon Plaintiff's

wrongful actions, the cost-shifting mechanism should be applied to relieve Padgett of the costs and fees needlessly incurred.

As to those fees, an updated breakdown, including the preparation and filing of the instant Supplemental Brief, is attached hereto as Exhibit D.

### Prayer for Relief

WHEREFORE, Interested Party Padgett Business Services respectfully requests that, pursuant to Fed. R. Bankr. P. 9016 and, by extension, Fed. R. Civ. P. 45, the Court ASSESS COSTS, FEES AND EXPENSES against the parties as follows:

a.  Order **Plaintiffs** to reimburse PBS in the amount of $2,244.50 for costs and fees incurred as a result of having to address this Renewed Motion (The amount of said costs and fees is set out in the breakdown attached hereto as **Exhibit D**);

b.  Provide such other relief as it deems just and equitable under the circumstances.

Respectfully submitted,

**PEZZETTI, VERMETTEN & POPOVITS, P.C.**

Date:   February 25, 2022

　　　　　　　　　　　　　/s/ Matthew D. Vermetten
Mathew D. Vermetten (P43425)
Attorney for Attorney for Interested-Party
Padgett Business Services
600 E. Front Street, Suite 102
Traverse City, MI 49686
231.929.3450

10